DE HIERAPOLIS v. LAWRENCE et al.

(Circuit Court, S. D. New York. December 21, 1899.)

1. CREDITORS' SUIT—ALIEN PLAINTIFF—PROCEEDINGS IN REM—VENUE.
   Under Act 1875, § 8 (18 Stat. 470), providing that in suits to enforce liens on a claim to property, within the district where the suit is brought, absent or nonresident defendants may be brought in, and the judgment be, made binding, in so far as it relates to the property in controversy; and Act 1888, § 5 (25 Stat. 433), continuing the preceding section in force,—a suit by an alien judgment creditor to establish the judgment as a lien against property of the judgment debtor may be brought in the district in which the property is situated, regardless of the fact that defendants are inhabitants of another district.

2. SAME—PROPERTY WHICH MAY BE REACHED.
   A reservation of an annuity from an assignment in trust for the benefit of creditors is an estate which may be reached in equity to pay the assignor's debts.

3. SAME—PROCEDURE—SUIT TO ESTABLISH LIEN.
   A reservation of an annuity from an assignment in trust for the benefit of creditors may be reached by a judgment creditor of the assignor by a suit in equity to establish the judgment as a lien on the same.

In Equity.

Theodore B. Chancellor, for plaintiff.

Norman G. Johnson, for defendants.

WHEELER, District Judge. The bill sets up the plaintiff as an alien, and the defendants as citizens of Maine, and alleges that the defendant Isaac Lawrence, on July 28, 1893, to defraud his creditors, including the plaintiff, conveyed all of his property, consisting of some personal property, and real estate of large value, in the city of New York, to two of the other defendants, in trust to take possession of the real estate, collect all the personal estate, and receive all the proceeds of the real estate, in trust to pay all his debts and liabilities then existing, and, among other things, to pay annually to him, out of the income, $3,000; that on November 3, 1898, the plaintiff recovered judgment against him in this court for $2,702.80, on which execution has been returned unsatisfied; and prays, among other things, that the judgment be decreed a lien upon, and that the trustees be decreed to pay it out of the proceeds of, the property,

99 F.—21

or of that part reserved to the judgment debtor. The bill has been demurred to, and the cause has been heard upon the demurrer.

One of the principal grounds of demurrer is the bringing of the suit here, out of the district whereof the defendants are inhabitants. But the parties are such that jurisdiction of suits between them is given to the federal courts. The suit is brought to enforce a lien upon the property here, and the situs of the property is as well left by the statutes to draw the suit into this district as inhabitancy of the defendants is, without that, left to draw it elsewhere. Acts 1888, § 5 (25 Stat. 433); Acts 1875, § 8 (18 Stat. 470).

The other principal ground is want of equity. The provision in the conveyance for the then existing debts of the judgment debtor would seem to negative any idea that he intended to defraud then existing creditors, but he might intend to defraud new creditors by the change in his former ownership. And the interest of $3,000 a year, reserved to himself in his own property, would seem to be such an estate or right as can be reached in equity for the payment of his debts. That interest remains in him of his property as it was before, and continues liable when it can be reached. This is a proper mode to reach it. Demurrer overruled; defendants to answer over by February rule day.