## WHITE et al. v. CROKER et al.

(Circuit Court of Appeals, Fifth Circuit.
June 5, 1926.)

### No. 4571.

**1. Executors and administrators ⬯423—Statute held not to create lien or trust in favor of decedent's creditors after property has ceased to belong to debtor so as to authorize suit to set aside fraudulent conveyance (Rev. Gen. St. Fla. 1920, § 3756).**

Rev. Gen. St. Fla. 1920, § 3756, providing that decedent's realty shall descend to his heirs or devisees, but shall remain liable to be sold under execution for decedent's debts, creates no lien or trust in favor of creditors, prior to action to that end, which remains effective after property has ceased to be owned by debtor, so as to authorize suit to set aside alleged fraudulent conveyance, without first establishing claim at law.

**2. Creditors' suit ⬯11(1)—Simple contract creditor cannot go into equity to enforce claim against debtor's property.**

That debtor has property liable for his debts does not enable simple contract creditor, without judgment or lien, to go into equity for enforcement of his claim.

**3. Fraudulent conveyances ⬯241(2)—Simple contract creditor cannot go into federal equity court to have his claim satisfied out of property fraudulently transferred.**

Simple contract creditor, without judgment or lien, is not entitled to go into federal court of equity to enforce claim against property alleged to have been fraudulently transferred by debtor, until claim has been established at law, since debtor, or representative of his estate, has constitutional right to trial by jury at law on question of his liability.

**4. Judgment ⬯932—Judgment of state court against temporary administrator held not binding on executrix, who aided in defense, except to extent of her interest in property in such state, and no evidence of debt in suit in another state against executrix or others having property subject to decedent's debts.**

Judgment of state court against temporary administrator appointed in such state, recovered in action by creditors did not bind executrix, who aided in defense thereof, except to extent of her interest in property in such state, and judgment was no evidence of debt in subsequent suit in another state by same plaintiff against executrix or others having assets transferred in fraud of his creditors.

**5. Executors and administrators ⬯453(4)—Judgment against administrator is more restricted in its operation or effect than judgment against executor.**

Judgment against administrator is more restricted in its operation or effect than judgment against executor, as executor's interest in decedent's estate is what decedent gives him, while administrator's is only that which law of his appointment confers.

13 F.(2d)—21

**6. Judgment ⬯675(1)—One openly taking part in prosecution or defense of suit in name of another to protect or establish his own interest is bound thereby, but interest in decision as judicial precedent is not sufficient.**

One who prosecutes or defends a suit in another's name, or assists therein to protect or establish his own right, openly, and to the knowledge of opposing party, is bound by judgment, and entitled to avail himself of it as estoppel; but he must have direct interest in subject-matter of suit, and not mere interest in decision as judicial precedent.

**7. Estoppel ⬯52.**

An estoppel must be mutual.

**8. Equity ⬯388—Where plaintiffs, whose only remedy was in equity, failed to establish right to equitable relief, their bill was properly dismissed, without ordering amendment of pleadings or transfer of case to law side (Judicial Code, § 274a [Comp. St. § 1251a]).**

Where plaintiffs, whose only remedy, if any, was in equity, failed to establish right to equitable relief, because allegations of their bill did not show they were entitled to maintain kind of suit they brought, decree dismissing bill was not erroneous, because court failed to order amendment of pleadings or transfer case to law side, under Judicial Code, § 274a (Comp. St. § 1251a).

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit by Ethel Croker White and others against Bula Croker, individually and as executrix under the last will and testament of Richard Croker, deceased, and others. Decree for defendants, and plaintiffs appeal. Affirmed.

See, also, 7 F.(2d) 218; 9 F.(2d) 409.

George C. Bedell and J. T. G. Crawford, both of Jacksonville, Fla., for appellants.

F. P. Fleming and Joseph S. Diver, both of Jacksonville, Fla., and John H. Treadwell and E. D. Treadwell, both of Arcadia, Fla. (C. H. Lichliter, of Jacksonville, Fla., and Treadwell & Treadwell, of Arcadia, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree sustaining a motion to dismiss a bill in equity filed by the appellants, Ethel Croker White, Howard Croker, and Richard Croker, Jr., suing on behalf of themselves and all other creditors of the estate of Richard Croker, deceased, against Bula Croker, individually and as executrix under the last will and testament of Richard Croker, deceased, J. B. McDonald, and Palm Beach Estates, a corporation, which bill sought the set-

ting aside, as against creditors of Richard Croker, deceased, of described transfers of property located in the district in which the suit was brought, and the subjecting of that property to the satisfaction of debts owing by Richard Croker, deceased, to the appellants and such other creditors as may intervene in the suit and establish their claims therein. Allegations of the bill showed the following:.

In June, 1919, Richard Croker, Jr., suing in behalf of the other two appellants, commenced an action in a New York state court of general jurisdiction against Richard Croker to enforce an alleged liability of Richard Croker under a contract entered into by him in November, 1914. In April, 1922, after Richard Croker had appeared in that suit and filed an answer therein, he died in Ireland, leaving a will whereby he bequeathed and devised all of his property to his second wife, Bula Croker, and appointed her sole executor. Upon Richard Croker, Jr., making application in a New York court having jurisdiction for the appointment of a temporary administrator of the estate of Richard Croker, Bula Croker appeared and opposed that application, and prayed that, in the event of the granting of that application, she be allowed to select the person so to be appointed. The attorneys for Richard Croker, Jr., consented to that request, and Bula Croker selected the New York Trust Company, which was appointed temporary administrator. The firm of attorneys who represented Richard Croker in said suit appeared therein as the attorneys of record for said temporary administrator.

From the commencement of that suit a named member of that firm was in active charge of the defense therein. Upon the appointment of the temporary administrator he took active charge of the defense for the temporary administrator. During the lifetime of Richard Croker, who was an old man when said suit against him was brought, the same member of said firm frequently consulted Bula Croker in all matters pertaining to the conduct of that suit, and followed her instructions in regard thereto before and after the appointment of the temporary administrator. With the assent of the attorneys of record of the temporary administrator, Bula Croker at her own expense retained another lawyer as the trial counsel for the temporary administrator, and that lawyer, with the knowledge on the part of the plaintiff in that suit that he was employed by and acting for Bula Croker, had sole charge of the defense in the trial of the issues in that suit, which, on De-

cember 2, 1924, resulted in a judgment against said temporary administrator for $235,456.04, in favor of the plaintiff in that suit, for the use and benefit of Howard Croker and Ethel C. White, each of whom was adjudged to be entitled to one-half of that amount.

In August, 1923, Richard Croker's will was admitted to probate in Ireland, and letters testamentary were granted to Bula Croker. In July, 1924, said will was admitted to probate in Palm Beach county, Fla., and thereupon letters testamentary were issued to Bula Croker, who then qualified as executrix and has acted as such ever since. At the time of his death Richard Croker was seized of the equitable title to one parcel of real estate in New York City. That real estate is incumbered by liens for amounts exceeding the value of it, so that appellants are unable to realize anything upon their said indebtedness from that property. There are no assets in New York of the estate of Richard Croker with which to pay said judgment. The net value of the personal property of that estate in Ireland was the sum of £150, and the value of the personal property of that estate in Florida is the sum of $2,885. Other than the property covered by the attacked transfers, there is nothing from which the debt due to the appellants can be satisfied.

[1] The claim of the appellants which is sought to be enforced is a purely legal demand, based on an alleged breach of a contract obligation. This being so, the appellants were not entitled to equitable relief on the ground which was recognized in the cases of Case v. Beauregard, 99 U. S. 119, 25 L. Ed. 370, and Case v. New Orleans & Carrollton R. Co., 101 U. S. 688, 25 L. Ed. 1004, wherein it was held that a creditor, whose claim is an equitable one, as it is when there is a trust in his favor, or who has a lien upon property for the debt due him, may go into equity for relief, without first seeking a remedy at law. In behalf of the appellants it was contended that the bill was maintainable on the ground that a trust in favor of Richard Croker's creditors exists as a result of the following Florida statute:

"Real estate shall be liable for the debts of a decedent, but shall descend to the heir or devisee and remain in his possession until the executor * * * shall take possession of the same under the order of the court, or until the same shall be sold under execution by any creditor of the decedent." Revised General Statutes of Florida, § 3756.

The language of the quoted provision does not indicate a purpose to give to the mere ex-

istence of a debt or debts of a decedent the effect of creating a trust in or lien on his real estate in favor of any or all of his creditors. It shows that, notwithstanding a debtor's death, his real estate remains subject to be sold under execution by any of his creditors. In the case of Case v. Beauregard, 99 U. S. 119, 25 L. Ed. 370, it was decided that a quite similar statutory provision created no specific lien or trust in favor of a creditor, prior to action to that end by the debtor, or a court, which remains effective after the property has ceased to be owned by the debtor. The statute creates or recognizes a purely legal right, which a creditor has as to property of his debtor which is liable for his debts.

[2] It is quite plain that the mere existence of the relation of creditor and debtor does not give rise to a trust in favor of the former in all property of the latter which is liable for his debts. The fact that a debtor has property liable for his debts does not enable a simple contract creditor without a judgment or lien to go into equity for the enforcement of his claim. The contention in question is not warranted by the language of the statute relied on, and is not supported by any Florida decision of which we have been advised.

[3] A simple contract creditor is not entitled to go into a federal court of equity for the satisfaction of his claim out of property alleged to have been fraudulently transferred by his debtor, until the asserted claim has been established at law, as the alleged debtor, or, if he is dead, the representative of his estate, has a constitutional right to a trial by a jury at law on the question raised by the assertion of his liability. Cates v. Allen, 149 U. S. 451, 13 S. Ct. 977, 37 L. Ed. 804; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358. Decisions dealing with the question as to when one whose demand has been established by a judgment at law may resort to a court of equity for the enforcement of his judgment, without having sought a legal remedy for that purpose, are not applicable to the facts of the instant case, unless the bill therein shows that the claim asserted has been established by a judgment at law, which is admissible as evidence against the appellees, or one of them.

[4] In behalf of the appellants it was contended that Bula Croker's participation in the defense of the above-mentioned suit in a New York court had the effect of making the judgment rendered in that suit binding on her, to the extent of making it admissible as evidence against her in this suit against her individually and as executrix of the will of Richard Croker, to enforce against alleged fraudulently transferred property in Florida the alleged liability of Richard Croker which was established in New York by that judgment. Upon the death of Richard Croker, and the revival of the above-mentioned New York suit against the New York temporary administrator of his estate, that suit became one the judgment in which could affect only New York assets of that estate. The nature of the suit then became such that its utmost possible effect was to bind only New York assets.

When that judgment was rendered, the only judgment sought by the plaintiff in the suit was one requiring the payment of the claim asserted out of property committed to the care of the temporary administrator appointed in New York. If Bula Croker herself had been such temporary administrator, her resistance to the claim asserted would have been for the protection of no property except New York assets of Richard Croker's estate, and the judgment against her as temporary administrator in New York would be no evidence of debt in a subsequent suit by the same plaintiff in another state against her, or another person there having assets subject to be applied for the satisfaction of debts owing by the deceased. Johnson v. Powers, 139 U. S. 156, 161, 11 S. Ct. 525, 35 L. Ed. 112; Reynolds v. Stockton, 140 U. S. 254, 271, 11 S. Ct. 773, 35 L. Ed. 464; Brown v. Fletcher's Estate, 210 U. S. 82, 28 S. Ct. 702, 52 L. Ed. 966; Stacy v. Thrasher, 6 How. 44, 12 L. Ed. 337; Putney v. Whitmire (C. C.) 66 F. 385; Low v. Bartlett, 8 Allen (Mass.) 259; Nash v. Benari, 117 Me. 491, 105 A. 107, 3 A. L. R. 61.

[5] A judgment against an administrator is more restricted in its operation or effect than a judgment against an executor, as the interest of an executor in the testator's estate is what the testator gives him, while that of an administrator is only that which the law of his appointment enjoins or confers; an administrator's representation of his decedent's estate extending only to the part of it which is located in the jurisdiction in which the administrator was appointed, with the result that the only subject-matter affected by a judgment against him is property of the deceased's estate which is committed to his custody. Carpenter v. Strange, 141 U. S. 87, 11 S. Ct. 960, 35 L. Ed. 640; Johnson v. Powers, supra.

As to the property sought to be subjected in this suit to the satisfaction of the demand of the appellants, the judgment against the New York temporary administrator is not effective on the ground of privity between it

and the appellees, or any of them, as the appellees did not acquire any interest in that property through such temporary administrator, and were not otherwise in privity with it, and the judgment against the temporary administrator was ineffective as to assets of Richard Croker's estate located in Florida. Brown v. Fletcher's Estate, supra.

[6] The rule under which one not named in a judgment may be bound thereby in consequence of participation in the suit in which the judgment is rendered is that one who prosecutes or defends a suit in the name of another to protect or establish his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own, and who does this openly to the knowledge of the opposing party, is as much bound by the judgment, and as fully entitled to avail himself of it as an estoppel against an adverse party, as he would be if he had been a party to the record. Souffront v. Campagnie, etc., 217 U. S. 475, 30 S. Ct. 608, 54 L. Ed. 846. The statement of the rule shows that a judgment against an administrator is not more effective against one who openly assisted in the defense of the suit than it would have been if the person rendering the assistance had been the administrator who was the defendant on the record.

For one's participation in the defense of a suit to have the effect of making binding on him a judgment therein in which he is not named, he must have a direct interest in the subject-matter of the suit. It is not enough that he has an interest in the decision as a judicial precedent in a case against him in another jurisdiction. Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; Litchfield v. Crane, 123 U. S. 549, 8 S. Ct. 210, 31 L. Ed. 199; Stryker v. Crane, 123 U. S. 527, 8 S. Ct. 203, 31 L. Ed. 194. One not named as a party to a suit, who takes charge of the defense therein, is bound by the judgment therein only to the extent of his interest in the subject-matter of the suit, unless he is in privity with the defendant in the suit, as he is when he is the defendant's principal or indemnitor. Bigelow v. Old Dominion Copper Mining & Smelting Co., supra; Hauke v. Cooper, 108 F. 922, 48 C. C. A. 144; 34 Corpus Juris, 1006.

The averments of the bill in this case do not show that any defendant therein had any interest in the subject-matter of the suit in which the judgment was rendered against the New York temporary administrator, unless Bula Croker, as sole devisee under Richard Croker's will and as sole executor named therein, was interested to protect the New York assets of the deceased against the claim asserted. The averments of the bill are consistent with the conclusion that, when Bula Croker took part in the defense of the suit mentioned, the parcel of land in New York which belonged to Richard Croker's estate was worth more than the amount of the incumbrances to which it was subject. The allegations of the bill in reference to that real estate show only that at the time the bill was filed it was incumbered by liens for amounts exceeding its value. It is to be inferred that Bula Croker's participation in the defense of the New York suit was for the sole purpose of keeping New York assets of Richard Croker's estate from being subjected to the satisfaction of the claim asserted therein. The judgment in that suit could bind her only with respect to her interest in the subject-matter of that suit, namely, New York assets of the estate of Richard Croker, which alone could be affected by the result of that suit. Except as to that interest, that judgment did not operate as an estoppel on Bula Croker, individually or as executor or devisee, because, if it had been in favor of the temporary administrator, it would not have created an estoppel of the plaintiff in the suit in favor of Bula Croker.

[7] An estoppel must be mutual. Bigelow v. Old Dominion Copper Mining & Smelting Co., supra. The plaintiff in that suit, with knowledge while it was pending that Bula Croker was in New York and subject to be sued there, prosecuted his suit to judgment without seeking to make Bula Croker a party to it, or attempting to make the suit one the judgment in which could affect anything other than New York assets of Richard Croker's estate. We conclude that the judgment in that suit was not such an establishment at law of the alleged liability of Richard Croker against a representative of his estate as entitled the appellants to maintain a bill in equity to enforce that alleged liability against Florida real estate, alleged to be held under transfers which are voidable at the instance of Richard Croker's creditors.

[8] Counsel for appellants contend that, though the appellants were not entitled to maintain their bill in equity, the dismissal of it was made erroneous by the provisions of section 274a of the Judicial Code:

"In case any of said courts shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any

amendment to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court." Comp. St. § 1251a.

The quoted provision is applicable, if the suit brought by appellants should have been brought at law, instead of in equity. The object of the suit was to enforce a judgment at law by subjecting to the satisfaction of it Florida real estate, the legal title to which, at the time the bill was filed, was not in the alleged original debtor, in his heirs or a representative of his estate as such, or in the defendant in the judgment. The suit asserted no claims that the appellants were entitled to a judgment for money or the recovery of property against the appellees or any of them. If the appellants had been entitled to the relief they sought, they could have got it only in a court of equity. They failed, not because they brought their suit on the wrong side of the court, but because the allegations of their bill did not show that they were entitled to maintain the kind of suit they brought. The suit was not of such a nature as to call for or justify a finding that it should have been brought at law instead of in equity.

We do not understand that the statute in question has such effect that, if a plaintiff by his suit asserts only a legal claim or demand, as a legal right to the possession of described property, the court, upon the conclusion being reached that the plaintiff is not entitled to recover, errs in rendering judgment against him without first affording him an opportunity to set forth a previously unasserted equitable claim with reference to the same property, as a trust or a lien enforceable only in equity; or that, if a plaintiff brings a suit in equity to enforce a trust or lien, or another equitable right or remedy, and fails to allege or prove enough to entitled him to the only relief he seeks, the court cannot properly dismiss the bill without first giving the plaintiff leave so to amend his pleading as to assert a legal claim he possibly may have against the defendant. This suit being one which would not have been maintainable on the law side, if the allegations of the appellants had shown that they were entitled to the right sought to be enforced, the decree was not erroneous because the court failed to order an amendment of the pleadings, or a transfer of the case to the law side.

We conclude that the record shows no error. The decree is affirmed.