## WILSON v. BEARD et al.

Circuit Court of Appeals, Second Circuit.
June 4, 1928.

No. 239.

**I. Courts ⟾269—Right of action for deceased's negligence in handling estate of incompetent held not within law authorizing suit to enforce lien on property within district (Jud. Code, § 57 [28 USCA § 118]).**

Right of action on unliquidated claim against estate of decedent, grounded on decedent's negligence in permitting estate of incompetent to depreciate in value during his years of management, but not charging him with misappropriation thereof, held in personam, and not within Judicial Code, § 57 (28 USCA § 118), authorizing suit in any District Court of United States to enforce legal or equitable lien, or to remove any incumbrance or lien or cloud on title to real or personal property within district.

**2. Executors and administrators ⟾258—Creditor has right to share in debtor's estate only after claim is recognized by executor or administrator, or established by judgment.**

Under rule to affect that, where a debtor dies, his estate is impressed with a trust for benefit of his creditors, heirs, and legatees, creditor has right to share in debtor's estate only after claim is recognized by executor or administrator, or is established by judgment.

**3. Courts ⟾269—Existence of property belonging to deceased within district cannot be used as basis for bringing suit on claim therein.**

Where claim against estate is not of a special nature, or differing from that of any other general creditor, or any one having a right to sue for tort, creditor cannot, because of existence of property within district, use that as a basis for bringing suit within district against a defendant who is not an inhabitant of the district or found therein.

**4. Courts ⟾269—Claim of heirs for residue does not constitute "suit affecting property," within law authorizing jurisdiction of court within district where property is located (Jud. Code, § 57 [28 USCA § 118]).**

Claim of heirs, suing a trustee to recover residue of an estate, does not constitute a suit affecting real or personal property within district, within meaning of Judicial Code, § 57 (28 USCA § 118), authorizing suit to enforce lien on or remove incumbrance, lien, or cloud on title to property within district where suit is brought.

**5. Courts ⟾272—Parties have personal immunity from suit in any district other than one where either of parties reside (Jud. Code, § 51 [28 USCA § 112]).**

Under Judicial Code, § 51 (28 USCA § 112), parties to suit in federal court have personal immunity from suit in any district other than the one where either of parties reside.

**6. Courts ⟾272—Personal residence controls in determining federal court jurisdiction.**

In determining residence of parties for purpose of federal court jurisdiction, the place of parties' personal residence controls, as distinguished from official residence.

**7. Appearance ⟾22—Appearance, limited to motion to dismiss, did not constitute waiver of right to ask for dismissal.**

Where appearance of defendant was limited to motion to dismiss, without seeking to raise question as to merits, there was no waiver of right to ask for dismissal.

**8. Equity ⟾361—Failure to move to set aside service of subpoena held not waiver of right to ask for dismissal.**

Failure to move to set aside service of subpoena held not waiver of right to ask for dismissal for lack of jurisdiction; such relief being obtainable by special appearance and motion to dismiss, without asking to vacate service of process.

**9. Equity ⟾362—Bill seeking recovery for deceased's negligence in handling incompetent's funds held improperly dismissed, as to person within district, on ground nonresident executor was necessary party.**

Bill against executor, seeking recovery on ground of deceased's negligence in handling assets of incompetent, brought in district wherein property belonging to deceased was located, and alleging possession by another defendant of certain sums of money belonging to such incompetent, title to which is claimed by plaintiff, held improperly dismissed as to such third person, claimed to have possession of funds and residing within district, on ground that executor, who was a nonresident, was a necessary party.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by John Taylor Wilson, as conservator and as committee of the estate of Philip A. Meyer, an incompetent, against Charles Coleman Beard, as ancillary executor cum testamento annexo of the estate of Hugo R. Meyer, deceased, and others, to determine an amount due to the plaintiff, and to have a lien on the assets of the decedent's estate established, declaring that funds in the hands of and under control of the defendants were held in trust for the payment of a debt due the plaintiff. Decree of dismissal, and plaintiff appeals. Affirmed in part, and in part reversed and remanded.

Patterson, Eagle, Greenough & Day, of New York City (Edward J. Patterson and Carroll G. Walter, both of New York City, of counsel), for appellant.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig and Walter C. Elliott, both of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. The bill of complaint alleges that Henry Meyer died in 1905, a resident of Denver, Colo., leaving three children, a son, Philip A. Meyer, for whom the plaintiff has been appointed conservator and a committee of his estate, because of his incompetency, and another, Hugo R. Meyer, who has since died, and of whose estate the defendant Charles Coleman Beard has been named ancillary executor cum testamento annexo.

By his will, Henry Meyer left his estate in equal shares to his three children, and Hugo R. Meyer was named and qualified as executor, and administered the estate until May, 1927, when he filed his account and was discharged. Philip A. Meyer obtained securities of approximately $100,000 from his father's estate, and Hugo R. Meyer became a self-constituted agent or trustee for Philip A. Meyer, depositing the securities with the predecessor of the appellee Bankers' Trust Company. The bill alleges that in 1907 Philip A. Meyer was incompetent, but no guardian, committee, or conservator was appointed until the appellant was appointed on December 5, 1923. During this period, Hugo R. Meyer had personal charge and managed the properties of Philip A. Meyer. It is alleged that, with one exception, none of the bonds among Philip A. Meyer's securities were legal investments for trustees, and that this bond of a railroad company was purchased for Philip's account by Hugo after his father's death. For years prior to 1923, Hugo and Philip Meyer resided in the state of Victoria, Australia, where Hugo Meyer died on January 15, 1923, leaving a will which was probated in the Supreme Court of Victoria. His wife was named as executrix, and among the assets of his estate were stocks and bonds of the approximate value of $71,000, which were found in the possession of the Bankers' Trust Company. There was some personal property in Australia. In May, 1924, Hugo Meyer's wife was appointed ancillary executrix of the estate by the Surrogate's Court of New York

County, and acted as such until she died, a resident of Oklahoma, on June 22, 1926.

As ancillary executrix, she advertised for claims, and the appellant presented his claim on behalf of Philip A. Meyer. The allegation is that on December 5, 1923, the probate court of Cook county, Illinois, appointed John Taylor Wilson conservator of Philip A. Meyer's estate, and on February 5, 1924, he was appointed committee by the Supreme Court of New York County. As such conservator and committee, the appellant received from the Bankers' Trust Company the securities composing the estate of Philip A. Meyer, then having a market value of $43,000. The bill charges that the estate of Hugo R. Meyer is liable to the estate of Philip A. Meyer in the sum of $58,000, the difference between the market value of the securities received by the appellant from the Bankers' Trust Company, and the market value of the securities distributed to Philip A. Meyer from his father's estate in 1907. It is claimed, also, that income to the extent of $34,000, is due. The appellant is alleged to be the only unpaid creditor of Hugo R. Meyer's estate. When the claim was rejected by Hugo R. Meyer's widow, the appellant petitioned the Surrogate's Court of New York County to compel the ancillary executrix to settle her accounts as such executrix, to the end that the appellant's claim might be determined upon such an accounting. This application was opposed upon the ground that the Surrogate's Court was without jurisdiction to hear and determine the claim of nonresident creditors, and on June 11, 1925, the surrogate made a decree denying the appellant's petition, and directing the ancillary executrix to file an immediate accounting, and thereafter directed the transmissal of the assets to the domiciliary jurisdiction (Australia) for final administration and distribution there. This result was affirmed by the Court of Appeals of the state. In re Meyer, 125 Misc. Rep. 361, 211 N. Y. S. 525, affirmed 216 App. Div. 735, 214 N. Y. S. 940, affirmed 244 N. Y. 598, 155 N. E. 913.

The theory upon which the appellant asserts his right to maintain this suit against a resident of Oklahoma in the Southern district of New York is that it seeks to enforce a lien against Hugo R. Meyer's estate under section 57 of the Judicial Code (title 28, § 118, of the U. S. Code [28 USCA § 118]) which provides:

"When in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or

lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated."

[1] The section further provides, where there is a failure to appear, for service by publication, and that the adjudication shall, as regards the absent defendant without appearance, affect only the property which has been the subject of the suit and under the jurisdiction of the court within such district. The claim here does not fall within this section. It is grounded upon Hugo R. Meyer's negligently permitting the assets of Philip A. Meyer's estate to depreciate in value during his years of management, but he is not charged with misappropriation. No claim or lien for an interest in any particular property is asserted. He has an unliquidated claim in personam against Hugo R. Meyer in his lifetime, and claims that it survives against his representative; further, that, when it is liquidated, a decree may be entered requiring payment out of the assets of Hugo R. Meyer's estate. But it must be paid with any other general creditor of the general estate after the expenses of administering the estate have been paid. Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 44, 30 S. Ct. 10, 54 L. Ed. 80; Security Trust Co. v. Black River Nat. Bank, 187 U. S. 211, 228, 23 S. Ct. 52, 47 L. Ed. 147. His right of action is in personam, and before he has a lien he must obtain a judgment on his claim and reach his debtor's property in the well established way. White v. Croker (C. C. A.) 13 F. (2d) 321, 323. Consequently no jurisdiction can be acquired through the aid of section 57.

[2] But it is argued that, if the debtor dies, the personal right is gone, and the only remaining right is against the debtor's assets. Then, it is said, the property of the debtor immediately becomes a trust fund, to which he, as a creditor of the deceased, is a beneficiary, and he has "an equitable lien upon or claim to such property." It is, of course, the duty of executors or administrators to pay the debts of the decedent up to the limit of the amount of the estate; but this does not change the character of the liability. The rule is that, where a debtor dies, his estate is impressed with a trust for the benefit of his creditors, heirs, and legatees (Borer v. Chapman, 119 U. S. 587, 7 S. Ct. 342, 30 L. Ed. 532; Harrison v. Moncravie [C. C. A.] 264 F. 776, 779; McClellan v. Carland [C. C. A.] 187 F. 915, 918). But that makes it possible to share in the debtor's estate only after the claim is recognized by the executor or administrator, or is established by judgment against the executor or administrator (White v. Croker, supra).

[3] The claim at bar in effect seeks a money recovery. It is no different. The assertion of an equitable lien does not change its character. The recovery, if one be had, necessarily is an in personam judgment, and must be paid out of the estate, if there be sufficient property; otherwise, it remains as a judgment of record against the executor in his representative capacity. Where the plaintiff has no special claim against the property, or any right in it, to differ from any other general creditor, or any one having a right to sue for tort, he cannot, because of the existence of property within the district, use that as a basis for bringing his suit within it against a defendant, who is not an inhabitant of the district or found in the district. Vidal v. South Am. Securities (C. C. A.) 276 F. 855.

[4] Heirs, suing a trustee to recover a residue of an estate, are in the same position; their claim does not constitute a suit affecting real or personal property within the district. Fayerweather v. Ritch (C. C.) 89 F. 385. See, also, Waterloo Creamery Co. v. Nat. Bank of Commerce (D. C.) 282 F. 197. Section 57 refers to some lien upon or claim to specific property. Other creditors against an estate, having a claim of uniform validity, are entitled to share in the estate, and a single creditor, who has no specified claim to particular property, may not have the aid of the section.

We are referred to Hultberg v. Anderson (C. C.) 170 F. 657, where the complainant had a lien by virtue of an attachment sued out and final judgment entered thereon, and he was allowed to proceed under section 57 because he had a legal lien on specific property within the district. Dahlgren v. Pierce (C. C. A.) 263 F. 841, was a suit to construe a will setting up a trust and to determine the interests in the trust fund under the will. It was a proceeding in rem to construe a deed to reach property and remove a cloud upon the title. The whole trust estate was before the court, to have the rights of the several parties declared. The reasoning and result in Chase v. Wetzler, 225 U. S. 79, 32 S. Ct. 659, 56 L. Ed. 990, supports appellee's position, rather than appellant's. De Hierapolis v. Lawrence (C. C.) 99 F. 321, was a typical

bill to enforce a judgment lien against certain real estate, transferred with the reservation of an annuity.

In Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, plaintiff sought to recover back property bought by the plaintiff at a sheriff's sale as a result of a judgment against the plaintiff who was the defendant in that action. The plaintiff challenged the validity of the judgment in a prior action. In that action, this plaintiff was a nonresident defendant with real property, the subject of the present suit, in Oregon. The plaintiff therein sued the defendant, without the state, by an order of publication, in a personal action, for legal services, without attachment of property or seizure thereof by the court. The plaintiff therein obtained judgment and levied execution on the defendant's property, and at the sheriff's sale the present defendant bought in the property. The court, in the present suit, gave judgment for the plaintiff on the ground that the judgment in the prior action was invalid, and hence the present defendant's title was invalid. The rule was announced that, where the action was essentially one in personam, jurisdiction over a nonresident may be obtained only to the extent of his property within this state, attachable and attached. "The substituted service of process by publication, allowed by the law of Oregon and by similar laws in other states where actions are brought against nonresidents, is effectual only where, in connection with process against the person for commencing the action, property in the state is brought under the control of the court, and subjected to its disposition by process adapted to that purpose, or where the judgment is sought as a means of reaching such property, or affecting some interest therein; in other words, where the action is in the nature of a proceeding in rem."

The death of Hugo R. Meyer did not have the effect of changing the purely personal obligation into a direct claim against his particular assets in New York state. It was a claim against his executor or administrator in his representative capacity. Attachment or seizure of the property was unnecessary, and after judgment the property of the estate could be traced. See Albert v. Bascom (D. C.) 245 F. 149.

[5, 6] Both appellant and appellee reside outside of the Southern district of New York —outside the state. Under section 51 of the Judicial Code (U. S. Code, title 28, § 112 [28 USCA § 112]) they have personal immunity from suit in any district other than the one where either of the parties reside.

Gen. Investment Co. v. Lake Shore Ry., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997; U. S. Fidelity & Guaranty Co. v. Jaeger Mfg. Co. (C. C. A.) 1 F.(2d) 975, 977; Haviland v. Atlantic Coast Line R. Co. (D. C.) 299 F. 955. The place of the parties' personal residence controls, as distinguished from the official residence. Amory v. Amory, 91 U. S. 356, 23 L. Ed. 436; McDuffie v. Montgomery (C. C.) 128 F. 105.

[7, 8] It is argued that the appellee waived his right to ask for a dismissal below because he not only asserted his privilege of a personal suit in the District Court but urged that the court lacked jurisdiction of the subject-matter, and, further, that he failed to move to set aside the order of service of the subpoena in Oklahoma. There was no general appearance, nor was a demurrer filed, presenting arguments addressed to the jurisdiction of the court and on the merits of the case, as in St. Louis & S. F. R. R. Co. v. McBride, 141 U. S. 127, 11 S. Ct. 982, 35 L. Ed. 659, and Western Loan & Sav. Co. v. Butte & Boston Mining Co., 210 U. S. 368, 28 S. Ct. 720, 52 L. Ed. 1101. Appellee limited his appearance to the motion to dismiss. He sought to raise no question as to the merits. Armstrong v. Langmuir (C. C. A.) 6 F.(2d) 369; Kelley v. T. L. Smith Co. (C. C. A.) 196 F. 466. Nor is there force in the claim of waiver for failure to move to set aside the service of the subpoena. This relief was obtainable by a special appearance and motion to dismiss the bill without asking to vacate the service of process. Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997; Ladew v. Tenn. Copper Co., 218 U. S. 357, 31 S. Ct. 81, 54 L. Ed. 1069. The court properly dismissed the bill as against this appellee.

[9] The twenty-sixth paragraph of the complaint alleges that the Bankers' Trust Company paid to the appellee E. H. Rollins & Sons sums of money which were the property of Philip A. Meyer, and at the time of the death of Hugo R. Meyer E. H. Rollins & Sons had on hand or shortly thereafter received these moneys, and that they still hold the property within the Southern district of New York and title thereto is claimed by the appellant. The appellant contends that the bill should not be dismissed as against the appellees E. H. Rollins & Sons. He alleges that these appellees have $4,840.28, the property of the incompetent, Philip A. Meyer, against which sum claim is made by the estate of Hugo R. Meyer, and that these appellees have declined to comply with either

of the demands and hold this sum of money within the Southern district of New York. Appellees E. H. Rollins & Sons have filed an answer, admitting possession of the money and asserting that the plaintiff and defendant both claim it. The decree entered dismisses the bill, for the reason the appellee Beard is a necessary and indispensable party defendant, and was not and is not an inhabitant residing in the district, and did not consent to be sued. It was error to dismiss the bill as against E. H. Rollins & Sons. If the property held is that of Philip A. Meyer, relief may be had by appellant against it. We will reverse the decree as to E. H. Rollins & Sons, and remand the suit to the District Court, to determine what relief should be granted in equity after a trial. It may become necessary to transfer the cause to the law side of the court. The decree, so far as it dismisses the bill against the appellee Beard, is affirmed.

Decree modified.