**FINDLAY et al. v. FLORIDA EAST COAST RY. CO. et al.**

**FINDLAY v. BANKERS' TRUST CO. et al.**

**No. 7029.**

Circuit Court of Appeals, Fifth Circuit.
Jan. 24, 1934.

Sam R. Marks and Harry T. Gray, both of Jacksonville, Fla., for appellants.

E. J. L'Engle, J. W. Shands, Robert H. Anderson, Russell L. Frink, John C. Cooper, Jr., and Henry P. Adair, all of Jacksonville, Fla., and Leo Gottlieb, Jesse E. Waid, and Fitzhugh McGrew, all of New York City, for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a holder of some of the first and refunding mortgage bonds of the Florida East Coast Railway, unwilling to intervene in the consolidated causes already pending in the same court in which, at the suit of the creditors and at that of the mortgage trustees, the railway company was being administered by receivers, brought this suit as he claims, as ancillary and dependent to it. The purpose of the suit was to compel the trustees of the residuary trust estate created by Mrs. Lily Flagler Bingham in her will, of which the railway through the trust's ownership of the stock was itself a part, to afford the railway company such assistance from the funds as it might from time to time require. It sought to enjoin the trustees from paying over or delivering to any one any part of the trust estate until the obligation of that estate to the railway was discharged, and to cause provision to be made for the preservation and administration in the interest of the railway, of such part of the funds of the trust as the court, upon construction of the will, might sequestrate for its use.

The plaintiff is a citizen of Colorado; the defendants are Kenan, one of the receivers and a trustee in the will, Haines, a trustee in the will, both citizens and inhabitants of New York; Jones and the Bankers' Trust Company, trustees under the mortgage also citizens of New York, Loftin, one of the receivers of the East Coast Railway Company, the company itself, and the Florida East Coast Hotel Company, all citizens of Florida. Personal service was had in Florida on these defendants, and on Kenan and Haines. No personal service was ever had on Jones or the Bankers' Trust Company. They were served first, by serving Cooper as their agent, and, this process quashed, they were next served with a warning order under section 57, Jud. Code (28 USCA § 118).

The District Judge sustained the plea of Kenan and of Haines setting up their privilege to be sued in New York. He, also, on the ground that the suit was a personal one, and not a local one under section 57, sustained the motion to quash filed by Jones and the Bankers' Trust Company. The motion plaintiff had made to be allowed to sue the receivers in his suit was also denied; thereupon, it appearing to the court that Kenan and Haines were indispensable parties to the bill, and that the plaintiff could not bring them within the court's jurisdiction, of its own motion the bill was dismissed.

Plaintiff, here complaining of all the orders, concedes that Kenan and Haines are indispensable parties to his suit, and that without jurisdiction over them the suit cannot proceed. He argues, however, that it was error to dismiss the bill, that there was jurisdiction to proceed both because the suit was a local one under section 57, and because the defendants, by the form of their appearance to deny that they had been brought in, waived their venue privilege. He argues further that, sued as executors and not individually, by the laws of Florida their residence is at the place of their appointment.

We think there is no merit in any of these contentions. The District Judge, in a thoughtful and extended opinion, 3 F. Supp. 393, canvassed and disposed adversely to plaintiff of all of the points here made. We agree with the conclusion he reached that the bill should be dismissed. Our reasons for doing so may be briefly stated. We take up first the contention plaintiff urges so vigorously that he should have had a decree pro confesso against Kenan and Haines, because, sued as trustees and executors, they appeared specially, not in their official capacity, but as individuals, and officially they were in default.

It is undoubtedly true that the venue privilege accorded by section 51, Jud. Code (28 USCA § 112), to a defendant sued in a federal court other than that of his or the plaintiff's residence, must be timely, effectively, and continuously asserted by him, and acts or conduct inconsistent with its assertion will constitute a waiver of it. Burnrite Coal Co. v. Riggs, 274 U. S. 208, 47 S. Ct. 578, 71 L. Ed. 1002; Brotherhood of Locomotive Engineers v. Shepherd Lumber Co. (C. C. A.) 51 F.(2d) 153. It is equally true, however, that the right to specially appear in the federal court is substantial, and that, where no affirmative relief is asked, and the intention to appear specially is plain, inaptness or even incoherency in making this point clear will not constitute a waiver. Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997; Munter v. Weil Co., 261 U. S. 276, 43 S. Ct. 347, 67 L. Ed. 652; Creager v. Collier & Son Co. (C. C. A.) 36 F.(2d) 781; Dahlgren v. Pierce (C. C. A.) 263 F. 841, 846. Throughout these proceedings there has never been any doubt in the mind of any one that Kenan and Haines were vigorously asserting their privilege to be sued in New York. They have asked no affirmative action. To hold that their vigorous insistence that they may not be sued in Florida amounts in law to an expression of their willingness to be sued there, because sued in an official capacity they appear, as appellant contended, personally to contest the jurisdiction, would be factually and legally unreal. Munter v. Weil Co., supra; Wilson v. Beard (C. C. A.) 26 F.(2d) 860; Dahlgren v. Pierce, supra. Besides, we do not think their appearance is justly subject to appellant's criticism. We think it appropriate and sufficient.

Nor is appellant in any better case on his contention that, sued as executors, Kenan and Haines are, for the purpose of federal jurisdiction over the suit against them in that capacity, citizens of Florida where they obtained their commissions. This will not do at all. Putting to one side the undoubted fact that they are really sued, not as executors, but as trustees, and that in a suit against them as executors none of the relief asked could be granted, because it is in their capacity as trustees and not as executors that they hold the properties and funds which this suit seeks to concern itself with, it is elementary that their personal, rather than their official, residence controls. Amory v. Amory, 95 U. S. 186, 24 L. Ed. 428; Wilson v. Beard (C. C.

A.) 26 F.(2d) 860; Memphis Street Ry. v. Bobo (C. C. A.) 232 F. 708.

There remains only as to Kenan and Haines the point on which appellant's main reliance is placed, that the suit is maintainable under section 57, Jud. Code (28 USCA § 118), as a suit to enforce an equitable claim upon real or personal property within the district where such suit is brought. General Inv. Co. v. Lake Shore Ry., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244, Critchton v. Wingfield, 258 U. S. 66, 42 S. Ct. 229, 66 L. Ed. 467.

Appellant complains that the District Judge misconceived his suit as one to enforce the lien of his mortgage against the trust estate. He declares that this was neither the purpose nor the effect of his suit. That the suit, in the nature of a creditor's bill, was brought to make available to the railway company the equitable asset it had, its interest in the trust funds, to assert on its behalf, an equitable lien or charge on them, and to compel the trustees to contribute from them for the relief of the railway. The instruments for relief were to be a construction of the will creating the trust, the appointment of persons to take from the trustees the assets ordered delivered for the railway's benefit, an impressment of a lien on all the funds to secure what was due the railway from them, and an injunction against the trustees from paying or delivering any of them until the railway's claim is satisfied.

The District Judge, upon a careful analysis of the bill, and an equally careful analysis of the properties of the trust which the bill sought to affect, as shown by it, and defendants' affidavits in support of their motions, concluded that it offered no basis for bringing in absent defendants, because no specific property within the district was sufficiently pointed out in it.

Appellant insists that the court in so holding disregarded the direct allegations in the petition, not only generally alleging the presence in the district of specific property, but specifically pointing it out, and also disregarded the affidavits of defendants admitting that they hold stocks and bonds on properties incorporated and transacting business in Florida.

We think the District Judge was right in the view he took that the situs of the trust property as regards this suit was not within, but without, the district. A fair reading of the record will not, in our opinion, permit any other conclusion. We think, however, that his decision that the suit was not under section 57 was right, for the more abundant reason that if, by straining at it, the bill might be construed to point to some specific property having a local situs, this would not help appellants' suit, for in its very nature and essence this is not a suit to establish a lien or fix a charge upon property in the district within the meaning of the section. It is an action in personam against defendants in which the gist of the relief asked is a personal decree against them. Read as a whole, the bill aims at, it seeks to bring about, the compulsory enlightening and quickening of the consciences of the trustees, so that they will incline their ears to hear, and exert their powers to relieve, the distress of the railway. All else in the bill is subordinate to this. Except this be accomplished, there is no remedy. By no possible reasoning can the trustee clause in the will, which this bill seeks to construe, have wrung out of it any grant to the railway company of a beneficial interest, with right of control in any part of the properties of the trust, or any right other than to have the abuses on the part of the trustees of their discretion or neglect in the exercise of it to the prejudice of the railway company corrected and controlled. Stripped of its verbiage, the bill comes down to this, that by the terms of the residuary clause of her will the testatrix charged her trustees for the term of twenty-one years, with the duty of maintaining, administering, and developing the railway, the Florida East Coast Hotel properties, and subsidiary properties, and thereafter for other uses. That the trustees are not properly and diligently administering the trust in the interest of the railway company, and that relief should be had against them compelling them to do so. Putting aside all questions of whether appellants have in any event any right to maintain such a suit, as matters not necessary for decision on the question of jurisdiction, and assuming that appellants have the right to assert for the railway such cause of action as it has against the trustees, that cause of action is not a local one to charge specific properties, but a personal one to inform and compel action on the part of the trustees in regard to their trust. Wilson v. Beard (C. C. A.) 26 F.(2d) 860.

From these views it follows that the suit was not maintainable; that Kenan and Haines, and the trustees in the mortgage, were properly absolved from answering in it; that the court was right in declining to permit the vain thing of having the receivers appear

in a cause which could not be maintained, and that he was right in dismissing the bill.

The judgment is affirmed.