## JACKSON v. HOOPER et al.

(Circuit Court, S. D. New York. June 12, 1909.)

1. PROCESS (§ 72*)—NONRESIDENT—SUBSTITUTED SERVICE.

In a suit against several defendants in personam, not affecting property within the district, jurisdiction could not be obtained over such of the defendants as were nonresidents of the district, over their objection by substituted service.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 72.*]

2. EQUITY (§ 363*)—BILL—AFFIDAVITS.

On motion to set aside service on nonresident defendants and dismiss the bill, allegations in the affidavits used on the motion and statements of counsel in the argument could not be considered as supplying an omitted allegation in the bill, from which it could be found that the suit affected property within the district.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 363.*]

3. EQUITY (§ 362*)—BILL—DISMISSAL.

A bill in equity may be dismissed, when it appears that the relief prayed for cannot be granted without injuriously affecting persons not parties to the suit.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 362.*]

4. EQUITY (§ 362*)—BILL—DISMISSAL.

Where it did not clearly appear that complainant might not be entitled, on his allegations, to some measure of injunctive relief against defendant, who was a resident of the district and properly served, independent of other nonresident defendants, as to whom the bill was dismissed, the resident defendant was not entitled to a dismissal of the bill on motion, filed in the place of a demurrer, because of the absence of the other defendants.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 362.*]

In Equity. On motions to set aside service and dismiss the bill.

Evarts, Choate & Sherman, for complainant.
Samuel Untermyer and Abraham Benedict, for defendants.

NOYES, Circuit Judge. An examination of the briefs confirms the impression formed upon the argument that most of the interesting questions discussed cannot properly be determined upon these preliminary motions. The defendants Franklin H. Hooper and Charles C. Whinery move to set aside the service upon the ground that they are not residents of the Southern district of New York. This fact seems clearly established with respect to each of them, and necessarily calls for the relief which they ask, provided this suit be regarded as a personal action. If, on the other hand, the case as it stands can be regarded as a suit affecting property within the district, and within the provisions of section 8 of the judiciary act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513]), so that these defendants could forthwith be brought in by substituted service, there would be no propriety in letting them out to be cited in again.

In my opinion the bill of complaint is framed upon the theory of stating a personal action. It contains no allegations whatever of the presence of any specific real or personal property in this district. In-

deed, it is only by way of inference that it can be said to state that any of the partnership assets are located here. It is true that the affidavit of Walter M. Jackson, used upon the hearing, refers to specific property in New York. But the affidavit is no part of the bill, and cannot serve to supply its deficiencies. So it was stated upon the argument that partnership assets of large value are located here; but these statements cannot be considered as amplifying the bill. The case presented by the pleadings cannot be regarded as a suit to enforce a lien upon or claim against property within the district, and the motions of the said defendants to set aside the service, upon the theory that it is a personal action, must be granted.

The service against said defendants is, however, set aside without prejudice to the right of the complainant upon regular motion calender to apply for leave to amend his complaint by stating the facts relating to the presence of property within this district and his claim against it which he thinks make out a case within section 8 of the judiciary act, and without prejudice, in case such amendment should be allowed, to his right to apply to bring said defendants in again by substituted service. In such proceedings the questions discussed in the briefs and arguments concerning the character of the property and the nature of the lien or claim against it, which must be shown in order to make said section 8 applicable, could be considered and determined. But I think that the court should at present confine itself to the bill as it stands, and not rule upon questions not raised by the pleadings, and which the complainant may deem it inexpedient to attempt to raise.

The defendant Harris B. Burrows is a resident of this district and a citizen of the state. So far as the jurisdiction is concerned, the suit is properly brought against him. With the service upon the other defendants set aside and the defendant Horace E. Hooper not appearing, he will be left as the sole defendant. He, however, says in effect that no cause of action is stated against him alone, and that the relief prayed for cannot be granted in the absence of the other persons named as defendants. Consequently he moves that the bill be dismissed on account of the absence of indispensable parties. It is undoubtedly the proper practice in equity to dismiss a bill when it appears that the relief prayed for cannot be granted without injuriously affecting persons not parties to the suit. But the allegations of the present bill are comprehensive, and the prayers for relief broad. I am not satisfied that the complainant may not be entitled, upon his allegations, to some measure of injunctive relief against the defendant Burrows, independently of any other persons. Moreover, in a case like the present, I think a motion to dismiss should not take the place of a demurrer to the bill. Therefore, while the motion is denied, it is without prejudice to the right of the defendant Burrows to demur.

The motion of the defendant Burrows is denied. Those of the defendants Whinery and Franklin H. Hooper are granted.