## CRICHTON *v.* WINGFIELD.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 312. Submitted December 16, 1921.—Decided February 27, 1922.

1. As a basis for service upon an absent defendant under Jud. Code, § 57, personal property must be properly localized within the district of suit. P. 74.
2. Promissory notes, secured on land in Mississippi and payable there, were claimed by C as legatee, under wills of the payees of which she had been made executrix by a Mississippi probate court which had found, upon her representations that the deceased were

citizens of that State and that the personal property bequeathed was located within its jurisdiction. Before qualifying as executrix, C removed the notes to New York, of which she was a citizen, and there, while the probate proceedings were pending, brought suit in a federal court to quiet her title to them against a citizen of Mississippi who claimed under assignment from one of the decedents. *Held* that the notes had not such a status as personal property in New York as would justify foreign service under Jud. Code, § 57.

Affirmed.

DIRECT appeal from a judgment of the District Court quashing a service of process and dismissing the bill of the appellant, for want of jurisdiction.

*Mr. John W. Cutrer* and *Mr. Thomas B. Felder* for appellant.

The statute uses words of ordinary meaning. The term " personal property " was designed to mean what it means in the several States, where the exercise of the jurisdiction might be sought. It includes all personal property of all kinds. At any rate, it embraces securities like the mortgage or deed of trust involved in this case, with the accompanying negotiable obligations described therein. *De Ganay v. Lederer,* 250 U. S. 376. In New York, the appellant's residence, the term embraces such securities. New York General Construction Law, 1919, c. 27, §39. So in Mississippi, Code 1906, §1591.

This recognition by the statutes of both States indicates that the common-law notion that pecuniary obligations like these are the evidence only of a debt, has passed away in both States, as it has in many others where similar statutes have been enacted. *Wheeler* v. *Sohmer,* 233 U. S. 434; *Jellenik* v. *Huron Copper Mining Co.,* 177 U. S. 1; *Matter of Bronson,* 150 N. Y. 1; *Westbrook* v. *Board of Trustees,* 48 N. Y. 390; *Jefferson* v. *Smith,* 88 N. Y. 576. Any reasonable doubt would be resolved in favor of the construction of the state statute which has been adopted by the court of last resort of the State.

*Yazoo & Mississippi Valley R. R. Co.* v. *Adams,* 181 U. S. 580.

New York, like Mississippi, has also recognized these obligations as personal property by permitting their attachment, their replevin, and their sale under execution, all irrespective of the domicile of the maker or holder. They are, also, in both States, declared to be personal property for the purpose of conferring jurisdiction upon a Surrogate's Court. *Johrer* v. *Roscoe,* 62 Miss. 699; *Walden & Co.* v. *Yates,* 111 Miss. 631. See also *Blackstone* v. *Miller,* 188 U. S. 189; *New Orleans* v. *Stempel,* 175 U. S. 309; *Fishburn* v. *Londershausen,* 50 Ore. 363.

The question whether securities like these come within the definition of " personal property " under this statute, has several times been before the federal courts, and jurisdiction has been maintained. *Manning* v. *Berdan,* 132 Fed. 382; *Pensacola State Bank* v. *Thornberry,* 226 Fed. 611; *Thompson* v. *Emmett Irrigation District,* 227 Fed. 560; *Hodgman* v. *Atlantic Refining Co.,* 274 Fed. 104; *Jones* v. *Rutherford,* 26 App. D. C. 114.

This court, in *Chase* v. *Wetzlar,* 225 U. S. 79, refused to consider bonds as constructively in the State of New York where executors, appointed in New York, had taken them to Germany. The actual presence of the securities within the jurisdiction is essential to the maintenance of an action to cancel liens thereon, or to remove clouds from the title. *Cocke* v. *Brewer,* 68 Miss. 775. Distinguishing *McIlvoy* v. *Alsop,* 45 Miss. 365. See also 3 Beale Conflict of Laws, p. 507.

The action is not personal but *in rem.* *Ampro Mining Co.* v. *Fidelity Trust Co.,* 76 N. J. Eq. 555, 557; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 17 N. Y. 592.

Under § 57, Jud. Code, a cloud on the title to personal property was removed in *Thompson* v. *Thomett Irrigation District,* 227 Fed. 560. Similar relief was granted in *Citizens' Savings & Trust Co.* v. *Illinois Central R. R. Co.,* 205

U. S. 46. See *Louisville & Nashville R. R. Co.* v. *Western Union Telegraph Co.,* 234 U. S. 369; *Freeman* v. *Alderson,* 119 U. S. 185; *Arndt* v. *Griggs,* 134 U. S. 316; *Hamilton* v. *Brown,* 161 U. S. 256; *Wilson* v. *Graham,* 30 Fed. Cas. No. 17804.

Distinguishing *McDonald* v. *Mabee,* 243 U. S. 90; *Chase* v. *Wetzlar,* 225 U. S. 88.

In this proceeding we are not resolving an obligation into its ultimate solution by payment, through the processes of a court. The opinion of the court below places its adverse decision on that assumption.

*Mr. Louis Marshall* and *Mr. James Marshall* for appellee.

No property was located in the Southern District of New York, within the meaning of § 57, Jud. Code, which affords a basis for the exercise of jurisdiction by the District Court, with respect thereto, as against the appellee, as resident and citizen of Mississippi, who was not found or served with process in that district and who did not voluntarily appear therein.

This is not a case for the removal of a cloud upon the title to personal property within the meaning of that phrase as employed in § 57.

The plaintiff wrongfully removed the notes from Mississippi, where they rightfully belong, in violation of the statute of that State, and taking advantage of her own wrong, is seeking to bestow upon the District Court of the Southern District of New York a jurisdiction which it does not possess.

The plaintiff's case is entirely devoid of equity, because she has not come into court with clean hands.

MR. JUSTICE DAY delivered the opinion of the court.

Appellant, a citizen of the State of New York and a resident of the southern district thereof, brought this suit

in the District Court of the United States against the appellee, a citizen of the State of Mississippi, residing in the City of Clarksdale, County of Coahoma in that State. Appellant is the daughter of Ephraim H. and Eva W. Lombard, appellee is a sister of Ephraim H. Lombard. From the bill it appears that a controversy arose concerning the ownership of certain notes, fourteen in number, executed by W. D. Corley at Clarksdale, Mississippi, on January 1, 1917, and made payable to Eva W. and E. H. Lombard or bearer at the Bank of Clarksdale, Clarksdale, Mississippi. Seven of the notes were for $31,480 each, and seven were interest notes given for sums aggregating $39,664.80. The bill alleges that these notes were held in the State of New York within the jurisdiction of the District Court. From the bill it appears that appellant claims to own the notes by bequests under the wills of Eva W. and E. H. Lombard, respectively.

The complaint sets forth that E. H. Lombard when in feeble health executed a certain paper assigning one-half of all the principal notes, numbered from four to nine inclusive, and one-half of the interest notes, numbered from four to nine inclusive, to the appellee. The notes are alleged to be deferred payments on the sale of a plantation in the State of Mississippi. It is set out that at the time of the alleged assignment to appellee E. H. Lombard was of unsound mind, memory and understanding, and incapable of executing the assignment; that the same was obtained by the appellee by undue influence exercised upon appellant's father, and that it was without consideration. The assignment is alleged to constitute a cloud upon appellant's title to the notes in controversy. The notes are secured by deeds of trust upon real estate conveyed in Mississippi, which are duly recorded in the record of mortgages and trust deeds in that State.

The appellee could not be served with process in the Southern District of New York, and an order was made

under § 57 of the Judicial Code for service. Service was made upon the appellee at Clarksdale, Mississippi. She thereupon made special appearance for the purpose of a motion to quash the service upon the ground that she is a resident, citizen and inhabitant of the State of Mississippi and had not been within the New York District; and she moved for a dismissal of the bill. Upon hearing the District Court sustained the motion, set aside the service, and dismissed the bill.

The question here only concerns the jurisdiction of the District Court. There is much controversy in the record, embodied in affidavits, as to the manner in which possession of the notes was obtained by the appellant, and the assignment made to the appellee. So far as we deem them necessary to be considered, the facts are: The notes are secured by deeds of trust on lands in Mississippi. It appears without contradiction that Eva W. Lombard, the mother, died May 25, 1919. Upon petition of appellant the will was admitted to probate and she was appointed and qualified as executrix in the Chancery Court of Mississippi. The decree in the Chancery Court finds that the last will and testament was fully and legally established as the last will of Eva W. Lombard, who at the time of her death was a resident of Coahoma County, Mississippi; that the lands devised by the will are situated in Bronxville, New York, and that the personal property bequeathed by the will is all located in the second district of Coahoma County, Mississippi, the place of residence of the deceased at the time of her death. It was before the qualification of appellant as executrix under her mother's will that she took the notes to New York.

After the death of her father, which occurred in New York after the death of the mother, appellant filed a petition in the Chancery Court of Mississippi, and a decree was entered upon her petition, establishing the last will and testament of her father. In that decree there are

findings like those establishing the will of her mother, namely, that her father was at the time of his death a resident of Coahoma County, Mississippi; that the personal property bequeathed and devised by the will is located in the second district of Coahoma County, Mississippi, the place of residence of decedent at the time of his death. The decree established the last will and testament of E. H. Lombard, admitted the same to probate, and appointed the appellant executrix.

It further appears that neither of the estates had been settled in the Chancery Court of Mississippi, the court of probate, and as to both administration was pending when this suit was brought. From these recitals it appears that by the decrees of probate, invoked and obtained by the appellant, it was found that the decedents had been and were residents of Coahoma County, Mississippi, and that the personal property bequeathed under each will was located in the second district of that county, and hence subject to the jurisdiction of the court of probate.

By a law of Mississippi, set forth in the record (§ 2102, Code of Mississippi), it is provided: that an executor or administrator shall not remove any of the property of the estate out of the State; and the court is authorized, when it appears that the property is about to be removed, to issue a precept to the sheriff· commanding him to seize the same and hold it until legally disposed of, and the letters of such executor or administrator may be revoked, on due notice, and administration *de bonis non* granted to some other person, and suit may be instituted by creditors or distributees of the estate on the bond, and judgment rendered accordingly.

With these facts beyond dispute, did § 57 of the Judicial Code authorize service in Mississippi to call upon the respondent to answer in the District Court in New York where the notes were physically held, and there litigate the controversy which had arisen concerning them?

Section 57 provides:

" When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks. In case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service or publication of said order and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district; and when a part of the said real or personal property against which such proceedings shall be taken shall be within another district, but within the same State, such suit may be brought in either district in said State . . ."

The purpose of this section is to authorize service of process in suits to remove clouds upon title, liens, and incumbrances, upon property within the district by bringing in adverse claimants who cannot be reached by the ordinary methods of personal service. The language used is primarily applicable to titles to realty. It is true that the statute also embraces personal property. Used in this connection, personal property undoubtedly refers to such as is lawfully localized within the district, and there held and enjoyed, and thus made subject to the court's jurisdiction to clear its title from clouds and liens, notwithstanding personal service within the district cannot be obtained upon those setting up adverse interests. It is the presence of property real or personal within the district which confers the limited jurisdiction conferred in § 57 upon the District Court. *Chase* v. *Wetzlar*, 225 U. S. 79.

This court had occasion to consider the statute in *Jellenik* v. *Huron Copper Mining Co.*, 177 U. S. 1, where it was held in a suit involving title to shares of stock, that foreign service might be obtained in the Circuit Court of the United States for the District of Michigan on adverse claimants to bring in certain alleged owners of shares of stock held by Massachusetts defendants. This was held to be so because the company was organized under the laws of Michigan whose statutes declared that the stock of the company was to be deemed to be personal property. For the purpose of the suit it was decided that the property was within the State of Michigan, as the habitation or domicile of the company was within that State, which created the corporation, and made the property subject to its laws.

The appellant insists that the principles declared in that case control here, and cites statutes of New York and Mississippi defining personal property in terms broad enough to include written instruments creating pecuniary

obligations. The appellant also relies upon cases decided in this court such as *Wheeler* v. *Sohmer*, 233 U. S. 434, in which it was held that the New York inheritance tax imposed upon the transfer of property within the State, belonging to a non-resident thereof, was not void under the due process clause of the Federal Constitution as applied to promissory notes held in a non-resident's safety deposit box in New York. In discussing the character of such property we held that the State might tax such notes as property having a local situs within its borders. In *De Ganay* v. *Lederer*, 250 U. S. 376, this court sustained a federal tax upon the income from stock, bonds and mortgages owned by alien non-residents, but in the hands of an agent in this country, with full authority over them. In that case, as in the *Wheeler Case*, the previous decisions in this court were cited, which have held that notes, bonds, and mortgages may acquire a situs at a place other than the domicile of the owner, and be reached and taxed as localized property by the taxing authority.

We have no disposition to depart from the principle of those cases, but are of opinion that they do not control the present controversy. In our view § 57 of the Judicial Code cannot, under the facts of this case, be made the basis of a departure from statutory enactments which require personal service within the district in order to subject a person to the jurisdiction of a federal court.

In this cause the appellant derives her title, as she sets forth in her bill, from the bequests made to her by her father and mother which, subject to the settlement of the estates, would give her title to the notes in controversy. Upon her petition she was appointed executrix of the wills. Upon her representation as to residence of decedents she obtained letters testamentary in each of the estates. The decree of probate declared the personal property to be within the jurisdiction of the Mississippi court. A statute of the State forbade its removal beyond the

borders of the State.   These estates at the time the bill was filed remained open and unsettled.   Under such circumstances it would be doing violence to the purpose and provisions of § 57 to hold that the mere physical presence of the notes in New York, complainant having seen fit to take them there, made them personal property of that localized character lawfully within the Southern District of New York which would justify foreign service upon a non-resident and bring him or her to the local jurisdiction to contest title to the notes.

While the District Court put its decision upon different grounds, we are of opinion that it rightly held that a case for foreign service was not made out, and did not err in setting aside the service, and dismissing the bill.

*Affirmed.*

MR. JUSTICE PITNEY concurs in the result.