## HAVILAND v. ATLANTIC COAST LINE R. CO.

(District Court, S. D. Florida. May 28, 1924. On Motion for Rehearing, May 31, 1924.)

No. 1874.

Courts ☞268—Diversity of citizenship; suit must be brought in district of residence of either plaintiff or defendant.

Under Judicial Code, § 51 (Comp. St. § 1033), an action for personal injury against a railroad company cannot be maintained in a federal court, on the ground of diversity of citizenship, in a district of which neither plaintiff nor defendant is a resident, where defendant appears specially to object to the jurisdiction.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Sarah H. Haviland against the Atlantic Coast Line Railroad Company. On demurrer to plea, raising question of jurisdiction. Overruled.

Alex. St. Clair-Abrams, of Jacksonville, Fla., for plaintiff.

Doggett, Christie & Doggett, of Jacksonville, Fla., for defendant.

CALL, District Judge. In the above-entitled case suit was brought to recover damages for an injury suffered on the line of defendant's railway, the declaration alleging citizenship and residence of the defendant in Florida and the citizenship and residence of the plaintiff in Massachusetts. The defendant filed its special appearance for the purpose of moving to quash the service and contesting the jurisdiction of this court. A plea was filed, alleging the citizenship of the plaintiff as set out in the declaration and defendant's citizenship and residence in the state of Virginia. To this plea a demurrer was filed.

Section 51 of the Judicial Code (section 1033 of the Compiled Statutes) is as follows:

"*Civil Suits; Where to be Brought.* Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a District Court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

This section of the Judicial Code has been construed many times by the Supreme Court. Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300, St. Louis & San Francisco Railway Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802, and Ladew v. Tennessee Copper Co., 218 U. S. 357, 31 Sup. Ct. 81, 54 L. Ed. 1069, are some of the cases.

It is also well settled on authority that the privilege to be sued in the district of residence may be waived by the defendant entering a general appearance. But it is equally as well settled that the defendant may enter his special appearance and insist upon the privilege, and if he does so the District Court has no jurisdiction of his person.

The demurrer will therefore be overruled.

### On Motion for Rehearing.

The demurrer to the plea to the jurisdiction of this court over the person of the defendant was overruled some days ago. A motion for a rehearing on the question involved was filed by the plaintiff. While I do not know of the practice at common law of a motion for a rehearing, I have gone over the cases cited in the motion. After an examination of the cases, I still think my judgment on the question raised by the plea and demurrer is correct.

The question here in issue was not raised in any of the cases referred to. Section 51 of the Judicial Code (Comp. St. § 1033) was not con-

sidered or connected in either of the cases. The case in 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802, turned on the question whether the laws of Arkansas permitting the railroad to operate its road in that state and the acts of the defendant made it a corporation of that state, so that it could be sued in the United States courts of that state by a citizen of the state of the domicile of the corporation. This was a transitory action, the injury having been received in Arkansas.

The other cases referred to in the motion were cases where writ of error was to the Supreme Court of the District of Columbia, or where the defendant had appeared generally and pleaded, or removed the case from the state court by its petition. In each of these classes of proceedings, the defendant by such actions submits its person to the jurisdiction of the court, and thereby waives the personal privilege conferred by the section to be sued in any other district than that whereof he is an inhabitant, or a suit against a corporation of a foreign country doing business in one of the states. The fact vel non as to whether the action is local or transitory can make no difference, unless it falls under one of the excepted sections mentioned in section 51, and the present case falls under no one of the excepted sections.

The motion for a rehearing will therefore be denied.