### FETZER et al. v. LIVERMORE.

(District Court, S. D. Florida. October 20, 1926.)

No. 2356.

1. **Courts 🔗308—To give federal court jurisdiction over nonresident defendant, all plaintiffs must be residents of district (Judicial Code, § 51 [Comp. St. § 1033]).**

To give a District Court jurisdiction over the person of a nonresident defendant, under Judicial Code, § 51 (Comp. St. § 1033), all the plaintiffs must be residents of the district of suit.

2. **Appearance 🔗9(2)—Objection that a defendant cannot be sued in district is not waived by special appearance to raise that question.**

Special appearance of nonresident defendant to contest jurisdiction, either by special demurrer or plea in abatement, is not a waiver

of the objection that he cannot be sued in the district.

At Law. Action by William Fetzer and others against Jesse Livermore. On special demurrer to declaration and plea in abatement. Demurrer sustained.

Bacon & Bussey, of West Palm Beach, Fla., for plaintiffs.

Wideman & Wideman, of West Palm Beach, Fla., for defendant.

CALL, District Judge. This action was commenced by the plaintiffs in this court; the jurisdiction depends on the diversity of citizenship of the parties. Two of the plaintiffs are citizens of Illinois, two are citizens of Florida, and the defendant is a citizen of New York.

The defendant was served personally within the jurisdiction, and on the return day of the summons entered a special appearance, limited to contest the jurisdiction or venue of the court, and pursuant to the special appearance filed in due course a special demurrer contesting the jurisdiction or venue of this court to proceed with the case upon the face of the allegations in the declaration. At the same time he filed a plea in abatement setting up the same grounds for ousting this court of jurisdiction to proceed with the case. [1] The defendant relies on section 51 of the Judicial Code (Comp. St. § 1033) to support his contention in both the special demurrer and plea in abatement. The pertinent portion of the section reads as follows: "Except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." This section has been many times construed to the effect that all the plaintiffs jointly interested must be entitled to bring the suit in the district where the proceeding is pending, otherwise the suit cannot be maintained.

[2] The defendant may waive the requirement, if he comes in by general appearance, or otherwise, and submits himself to the jurisdiction of the court, and the court has jurisdiction of the subject-matter. It is contended in brief filed by the plaintiffs that the defendant has done this in the instant case. Unquestionably he waives the provisions of the section, if he enters a general appearance, or, without reserving his right to object, contests the merits of the case made by the declaration. There is no contest, either by the special demurrer or the plea in abatement on the merits of the case made. The special appearance, special demurrer, and plea in abatement are each confined to the contest of the jurisdiction of the court over the *person* of the defendant. This is not a waiver of the provisions of the section, as I understand the adjudicated cases. A general or special demurrer to the declaration, on the ground that it does not state a cause of action, may be a waiver; but that is a pleading to the merits, and has no bearing upon the decision of the question now to be decided.

It seems to be the consensus of opinion, among the courts to whom the question has been submitted, that the question of the jurisdiction of the court to proceed under section 51 may be raised by either special demurrer or plea in abatement. And this is easily understandable. The United States District Court is a court of limited jurisdiction, and the facts showing jurisdiction must be pleaded, so that jurisdiction is apparent on the face of the pleading, and may be questioned by special demurrer, although in courts of general jurisdiction, where those facts are not pleaded, a plea in abatement becomes necessary to show the facts ousting the court of jurisdiction over the person of the defendant. It would seem to me that the better practice is to raise the question by special demurrer in United States courts. But I think it is immaterial how the question is raised, so that the defendant does not submit himself to the jurisdiction of the court in such manner as to waive the provisions of the section.

I am therefore constrained to sustain the special demurrer, and hold that this court has no jurisdiction over the person of the defendant in this action. It will be so ordered.