SUNRAY LAMP COMPANY, Inc., and C. F. Leonard, Defendants Appellants, v. GENERAL ELECTRIC COMPANY, Plaintiff Appellee.

Circuit Court of Appeals, Third Circuit.
July 16, 1928.

No. 3770.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Charles J. Holland, of New York City, for appellants.

Howson & Howson, of New York City (Hubert Howson, of New York City, Albert G. Davis, of Schenectady, N. Y., and Frederick P. Fish, of Boston, Mass., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. In this suit, the third in a group of four suits, the General Electric Company charges the defendants with infringing the two patents involved in the first suit against the Desmond Incandescent Lamp Co. (C. C. A.) 27 F.(2d) 590, namely, the Just and Hanaman patent No. 1,018,502 and the Langmuir patent No. 1,180,159, the first covering a substantially pure tungsten filament for an incandescent lamp bulb and the second covering such a filament within an atmosphere of inert gas. The court entered a decree for a preliminary injunction and from that decree the defendants took this appeal, which we have considered and shall dispose of according to the principles applicable to such cases which we have stated in the opinion filed in the Desmond Case.

The main difference between this case (Sunray lamp) and the Atlas Specialty Co. Case (C. C. A.) 27 F.(2d) 593, is that the defendant Sunray Company was not a manufacturer of the alleged infringing lamps but was a dealer engaged in selling lamps made by others than the plaintiff, the sole owner of the patents. The particular infringement consisted, as alleged, in the sale of gas-filled tungsten filament lamps intended for ordinary house circuits, the filaments being made chiefly of tungsten in combination with other chemicals and placed within the bulb-enclosed atmosphere of dry nitrogen.

The motions made to the District Court for preliminary injunctions in the Atlas Specialty Co. Case and in this case were supported by substantially the same affidavits, raising the same issues, stating the same facts and the briefs filed on this appeal are correspondingly similar. We have given the two cases the same consideration and have found that in this case as in the former the evidentiary affidavits are of a character that justified the learned trial judge in entering the decree for a preliminary injunction. Grushlaw v. Phœnix Knitting Works (C. C. A.) 183 F. 222.

The decree is affirmed.

———

REPUBLIC ELECTRIC CO., Inc., et al. v. GENERAL ELECTRIC CO.

Circuit Court of Appeals, Third Circuit.
July 16, 1928.

No. 3701.

1. Patents ⬅324(5)—On appeal from decree granting preliminary injunction, court should not determine precise scope of patent.

On appeal from a decree for a preliminary injunction in a patent infringement suit, awarded on supporting and against controverting affidavits, without full opportunity of examination and cross-examination of witnesses learned in the art, appellate court should not attempt to determine the precise scope of a patent repeatedly found valid.

2. Patents ⬅303—Evidence of infringement of No. 1,018,502 and No. 1,180,159 for incandescent lamps having tungsten filament held sufficient to justify granting preliminary injunction.

In suit for infringement of Just and Hanaman patent, No. 1,018,502, and Langmuir patent, No. 1,180,159, for incandescent lamps having tungsten filament, evidence tending to show that filaments of automobile lamps manufactured by defendant were substantially pure tungsten *held* sufficient to justify trial judge in exercise of his discretion in granting preliminary injunction.

3. Patents ⬅303—Preliminary injunction against some of alleged patent infringers reversed, in view of very weak support of charge of infringement.

In patent infringement suit, where plaintiff as to some of defendants supported its charge very weakly by affidavit based on affiant's information, yet not even on his belief, and relied chiefly for proof of infringement on construction of statements contained in such defendants' own affidavits filed in opposition to plaintiff's motion for preliminary injunction, *held*, that court will reverse decree in so far as it grants preliminary injunction against such defendants, since the evidence is not of the character that rule requires to induce judge to award extraordinary remedy of preliminary injunction.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Patent infringement suit by the General Electric Company against the Republic