### SANTA FÉ ELECTRIC CO., Inc., et al. v. GENERAL ELECTRIC CO.

#### No. 4182.

Circuit Court of Appeals, Third Circuit.

Sept. 16, 1931.

Charles J. Holland, of New York City, for appellants.

Howson & Howson, of New York City (Hubert Howson, of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

This is an appeal from a decree of the District Court granting a preliminary injunction which enjoined certain defendants from infringing claims 4, 5, 12 and 13 of the Langmuir patent No. 1,180,159 for a gas-filled electric lamp. Disposing of the case on the theory of the decision in Desmond Incandescent Lamp Company v. General Electric Company (C. C. A.) 27 F.(2d) 590, we shall assume the validity of the claims of the patent in suit, many times sustained by other courts, and simply determine whether the evidence was of a character that justified the court, in the exercise of its discretion, in awarding the preliminary injunction.

This case had its rise in other litigation, that of Sunray Lamp Company, Inc., and C. F. Leonard v. General Electric Company (C. C. A.) 27 F.(2d) 595, in which we sustained a decree of the District Court granting a preliminary injunction which enjoined those defendants from further infringing the Langmuir patent. Later the Sunray Company submitted to final decree. Then Wesley H. Backer, an employee and officer of that company—whether a real officer or dummy officer is of no consequence—organized two corporations; one, the Santa Fé Electric Company, and the other the Imperial Appliance Corporation (both parties to this suit), of which he became an officer, general manager and the principal stockholder.

The plaintiff alleges that these corporations are but a continuation of the Sunray Company and their conduct a continuation of its patent infringements. We are not inclined to decide this question in view of our finding, sufficient for this decision, that the plaintiff has made a prima facie case of infringement by the Appliance Corporation as maker and the Santa Fé Company as seller of lamps of the type sold by the Sunray Company which were, and still are, regarded as infringements.

■ The main defense in the case is that the Sunray Company—of which Backer was an officer of a sort—is now awaiting a decision in contempt proceedings for violating the injunction against it and that at the same time the plaintiff seeks in this suit to enjoin Backer from making and selling like infringing lamps, and that, in consequence, he is being proceeded against in two actions for the same tort. As a framework on which to hang this defense, Backer has admitted, a little artlessly, that, because of his stock ownership, the Santa Fé Company and Imperial Appliance Corporation are no other than himself. In other words, Sunray Company, Santa Fé Company and Imperial Appliance Corporation are Backer—only, however, for the purpose of this particular argument. This admission does not destroy the legal entities of these two corporations and merge them with his individual self, and make a defense of one available to the others; nor does it carry to the corporations, or to him, a defense which, if it be a defense, arises out of the litigation with the Sunray Company, to which Backer was not a party, and to which the other companies had no possible relation. Nor does the defense otherwise help Backer, even if it be personal to him for, though a party to this litigation, the decree under review runs not against him but against the two corporations, which, as we read the evidence, make little effort to protest their innocence of the alleged infringements.

The decree of the District Court is affirmed.