### GENERAL ELECTRIC CO. v. SANTA FÉ ELECTRIC CO., Inc., et al.

District Court, D. New Jersey.

Feb. 10, 1934.

Howson & Howson, of New York City (Hubert Howson, of New York City, Albert G. Davis, of Schenectady, N. Y., and M. W. Smith, of New York City, of counsel), for plaintiff.

Charles J. Holland, of New York City, for defendants.

FORMAN, District Judge.

This is an action on plaintiff's Langmuir Patent No. 1,180,159 of April 18, 1916. The bill was filed on March 22, 1929. A preliminary injunction was allowed against two of the defendants—Santa Fe Electric Company, Inc., and Imperial Appliance Corporation—appealed to the Third Circuit Court of Appeals, 52 F.(2d) 603, and by it affirmed on September 16, 1931. The matter came on for final hearing on December 12, 1932.

At that time it was conceded that the bill should be dismissed as against the defendant Mae B. Doris.

The remaining defendants, at appropriate occasions during the hearing, pressed motions for the dismissal of the bill upon the following ground:

It appears that this plaintiff filed a bill of complaint founded on this same patent (and another) on October 4, 1927, against Sunray Lamp Company, Inc., Charles Eisler, and C. E. Leonard. A preliminary injunction issued which was appealed to the Third Circuit Court of Appeals and was affirmed by that court July 16, 1928. Sunray Lamp Co., Inc., et al. v. General Electric Company, 27 F.(2d) 595. On April 26, 1929, a final consent decree was taken, dismissing the bill as against Charles Eisler, one of the defendants, but providing for a perpetual injunction against the remaining defendants Sunray Lamp Company., Inc., and C. E. Leonard, "its and his agents, attorney, workmen and employees and officers and directors, and all persons in privity with it, him or them."

It further provided:

"7. That the plaintiff is entitled to recover from said defendants, Sunray Lamp Company, Inc. and C. E. Leonard, the profits which they have made from said infringement and the damages which the plaintiff has sustained by reason thereof and its costs of suit; but, plaintiff waiving costs and accounting by said defendants for said infringement (but only with reference to these defendants and not with reference to plaintiff's right to injunction and recovery against others and not with reference to other claims for injunction and recovery under other Letters Patent), no order for accounting or for costs against these defendants is herein made in this case."

On March 22, 1929, plaintiff made application to the District Court for an order directing one Wesley H. Backer (one of the defendants in the case at bar) to show cause

before the court why he should not be punished for a contempt of court for violating the preliminary injunction, granted and sustained in the Sunray Case, by making and selling the incandescent electric lamps embodying, and operating with, the improvements described in the bill of complaint in that case.

This issue was referred to a special master, who took testimony and made his report to the court on March 21, 1930. He concluded as follows:

"I find that the respondent, Wesley H. Backer, in violation of the preliminary injunction granted by this court on January 13th, 1928, after it was reinstated and with knowledge thereof, made and sold incandescent electric lamps infringing upon Langmuir patent, No. 1,180,159, claim 13; and that the respondent was guilty of a contempt of court in so doing.

"I recommend that said respondent be punished by the imposition of a fine of $1,-000.00, and that said fine be directed to be paid to the plaintiff."

In a memorandum filed October 20, 1932, Judge Fake of this court sustained the conclusions of the master, and directed that an order of confirmation enter. (Although counsel for the defendants herein stated that the sum of $1,000 had been paid to the plaintiff [Record p. 233], I cannot find in the files any formal order for such payment signed by the court.) It will be noted that the present action was instituted on the same date that the Backer contempt proceeding was commenced, viz., March 22, 1929.

It is conceded that the two defendant corporations herein, Santa Fe Electric Company, Inc., and Imperial Appliance Corporation, are creatures of the remaining defendant, Wesley H. Backer, the respondent in the contempt proceedings aforesaid.

Now, contends counsel for the defendants herein, the present suit should be dismissed primarily upon the ground that the relief asked in this case would be a duplication of remedies already available to the plaintiff by way of contempt proceedings in the Sunray Case. He asserts that this is emphasized by the fact that the same evidence of infringement was introduced against Backer in the contempt case as was offered on the final hearing in the present case.

The plaintiff insists that the contempt proceedings are different in character, scope, and effect. It contends that the contempt proceeding was brought fundamentally to vindicate the authority of the court and the resultant fine was for the reimbursement to the plaintiff for its expenses in bringing the contempt to the attention of the court; that the theory of the contempt proceeding was that Backer was and continued to be the president of the Sunray Company and that no accounting was directed in the order initiating the contempt proceeding. It avers that the present case is the ordinary equity action for an injunction and an accounting and is against defendants not named in the Sunray Case as such and that any injunction obtained therein would run against Backer individually, and in any other capacity, as well as against the two defendant companies.

It is perfectly obvious that the two corporate defendants here are the creatures of Backer. They are nevertheless separate entities even though Backer gave them being. None was a defendant in the Sunray Case.

The contempt proceedings against Backer are closed (except for the filing of a formal order of the court confirming the master's conclusions). That action resulted merely in the pronouncement of a fine upon Backer. Nowhere therein was there provision for an accounting.

Careful scrutiny of the case of Leman v. Krentler-Arnold Hinge Last Company, 284 U. S. 448, 52 S. Ct. 238, 76 L. Ed. 389, cited by defendants, fails to substantiate their contention that further proceedings for accounting in the instant case must be by way of the contempt proceedings in the Sunray Case.

There was sufficient evidence taken on the final hearing herein to demonstrate the validity of plaintiff's patent ["Many times sustained by other courts," says Judge Woolley of this Circuit, in his opinion affirming the preliminary injunction granted herein, Santa Fe Electric Co., Inc., et al. v. General Electric Company (C. C. A.) 52 F.(2d) 603], and the defendants' infringement thereof so that a permanent injunction might issue against the defendants Santa Fe Electric Company, Imperial Appliance Corporation, and Wesley H. Backer.

An actual decree for the issuance of such relief is now made unnecessary by reason of the fact that the patent expired on April 18, 1933.

It cannot be conceived that an accounting under this suit will be in any wise a duplication of remedy to the plaintiff by reason

of what has occurred in the contempt proceedings against Backer individually in the Sunray Case. On the other hand machinery is now at hand to obtain such accounting from all three parties concerned, namely, Backer and his creatures—Santa Fe Electric Company, Inc., and Imperial Appliance Corporation, effectively and as expeditiously as the process of the law will permit. To direct otherwise would at its best simply mean the necessity for the commencement of a new contempt proceeding including a direction for an accounting. We would thus create an additional piece of litigation to arrive at a destination to which we have already progressed. It would be a circuitous and futile journey.

Much the same situation was proposed before the Circuit Court of Appeals on the consideration of the preliminary injunction herein and Judge Woolley had this to say upon the subject:

"The main defense in the case is that the Sunray Company—of which Backer was an officer of a sort—is now awaiting a decision in contempt proceedings for violating the injunction against it and that at the same time the plaintiff seeks in this suit to enjoin Backer from making and selling like infringing lamps, and that, in consequence, he is being proceeded against in two actions for the same tort. As a framework on which to hang this defense, Backer has admitted, a little artlessly, that, because of his stock ownership, the Santa Fe Company and Imperial Appliance Corporation are no other than himself. In other words, Sunray Company, Santa Fe Company and Imperial Appliance Corporation are Backer—only, however, for the purpose of this particular argument. This admission does not destroy the legal entities of these two corporations and merge them with his individual self, and make a defense of one available to the others; nor does it carry to the corporations, or to him, a defense which, if it be a defense, arises out of the litigation with the Sunray Company, to which Backer was not a party, and to which the other companies had no possible relation." Santa Fe Electric Co. et al. v. General Electric Company, supra.

The prayer of the plaintiff for an injunction will not be granted for the reason aforesaid, but it is entitled to its relief by way of accounting against the defendants Santa Fe Electric Company, Inc., Imperial Appliance Corporation, and Wesley H. Backer and a decree may be taken accordingly.